IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | | |
|---|---|---|
| **ROBERT WHARTON** | : | |
| | : | |
| Appellant | : | NO. 22-9001 |
| | : | |
| v. | : | CAPITAL CASE |
| | : | |
| **SUPERINTENDENT GRATERFORD, SCI,** *et al*, | : | |
| | : | |
| Appellees | : | |

**PETITION TO EXTEND LENGTH OF BRIEF FOR *AMICUS CURIAE*, THE PENNSYLVANIA OFFICE OF ATTORNEY GENERAL**

AND NOW, comes *amicus curiae*, the Pennsylvania Office of Attorney General (OAG), by its counsel, Michelle Henry, Acting Attorney General of the Commonwealth of Pennsylvania, through James P. Barker, Chief Deputy Attorney General, and Cari L. Mahler, Senior Deputy Attorney General, requesting that this Court extend the word limitation for its brief, and in support thereof, represent as follows:

The circumstances in this capital case are highly unusual in that during the extensive litigation in the District Court and now before this Court the parties have acted in concert and both are adverse to the OAG, as *amicus curiae*. Unlike both the parties (the Philadelphia District Attorney's Office (DAO) and the defense), the OAG is arguing to uphold the District Court's ruling. It is effectively the "appellee" in this case. As such, it is requesting an extension of the 6,500 word limitation so

that it can sufficiently and thoroughly respond to all the arguments raised by both parties that consisted of over 20,000 words.

## I. BACKGROUND

1. Before this Court is an appeal from the denial of relief under 28 U.S.C. § 2254 filed by Appellant Robert Wharton, an inmate of the Pennsylvania State Correctional Institution at Phoenix, located in Collegeville, Montgomery County, Pennsylvania.

2. In 1985, a jury convicted Wharton of two counts of first degree murder for his role in the murders of Bradley and Ferne Hart in their home on January 30, 1984. The jury sentenced Wharton to two death sentences.

3. The Supreme Court of Pennsylvania vacated the sentence and remanded for a new penalty hearing due to an erroneous jury instruction. On December 23, 1992, a second jury returned a verdict of two death sentences. The state Supreme Court affirmed the judgment of sentence on direct appeal and on appeal from the denial of post-conviction relief.

4. The District Court denied relief under § 2254.

5. On January 11, 2018, this Court affirmed in part and vacated in part the order of the District Court, and remanded for an evidentiary hearing on a single claim of whether trial counsel was ineffective at the second penalty phase hearing for

failing to present evidence of Wharton's alleged "positive prison adjustment" during the time period between his two penalty phase hearings.

6.    Thereafter, the Philadelphia District Attorney's Office (DAO), acting as counsel for Respondents, filed a Notice of Concession, asking that a writ of habeas corpus issue and indicating that it intended to cease seeking the death sentences. The DAO later jointly filed with Petitioner's counsel a proposed order seeking relief to the same effect.

7.    During further briefing before the District Court, the DAO continued to assert that Petitioner's ineffectiveness claim had merit and that penalty phase relief should be granted.

8.    After this additional briefing, the District Court issued an order denying summary relief and requested that the Pennsylvania Office of Attorney General (OAG) appear as *amicus curiae* and "set[] out its position as to whether Petitioner is entitled to relief on his remaining habeas claim." Order of Court dated May 7, 2019, at 3 ¶9.

9.    *Amicus curiae* OAG filed a brief noting that Petitioner was not entitled to relief on his remaining ineffectiveness claim given evidence of his negative prison adjustment during the relevant time period (including a premeditated escape from City Hall, and two prison misconducts for possession of implements of escape). The District Court then directed the OAG to participate in the evidentiary hearing that

occurred over the course of six months and to file a post-hearing brief. As a result of the OAG's participation before the District Court, extensive information was provided to the District Court regarding Petitioner's negative prison adjustment that would not otherwise have been presented.

10. During the course of the litigation before the District Court, the DAO, at all times, jointly argued with Petitioner that trial counsel was ineffective for failing to present evidence of his alleged positive prison adjustment.

11. On May 11, 2022, the District Court again denied relief. That finding is presently before this Court on appeal by Petitioner.

## II. APPEAL BEFORE THIS COURT

12. On August 15, 2022, the OAG sought leave to file an amicus brief in this Court.

13. Both Wharton and the DAO opposed the OAG's request for leave to file an amicus brief.

14. By Order dated September 13, 2022, this Court granted the OAG's motion for leave to file an amicus brief.

15. On October 4, 2022, the OAG filed a petition requesting that this Court set the deadline for the filing of the amicus brief as thirty days after the filing of the brief for the nominal appellees, represented by the DAO.

16. The OAG's petition seeking a briefing timeline for the amicus brief was based on the fact that, throughout the entirety of the post-remand District Court proceedings, the DAO advocated on behalf of Wharton and, therefore, the DAO as nominal appellee will not be arguing in support of the ruling below. Instead, both parties (Appellant Wharton and the DAO) will be challenging the District Court's judgment. Thus, the amicus brief filed by the OAG will not support either party in this case. Rather, it will in effect participate as the actual appellee, arguing in support of the District Court's judgment.

17. By Order dated October 12, 2022, this Court granted the OAG's petition to file its amicus brief within thirty days of the nominal appellee's brief.

18. On December 6, 2022, Appellant Wharton filed his principal brief before this Court. In his principal brief (consisting of 12,840 words), Wharton claims that trial counsel was ineffective for failing to investigate and present evidence of his positive prison adjustment, and that the District Court erred in finding that he failed to establish prejudice.

19. In his principal brief, Appellant Wharton also asserts that the case should be remanded for a new hearing before a different judge.

20. On February 6, 2023, the DAO filed its "Brief for Appellee" (consisting of 7,230 words). Agreeing with Appellant Wharton, the DAO argues that trial counsel's failure to investigate and present evidence of Wharton's alleged positive

adjustment in state prison constituted ineffective assistance. The DAO asserts that trial counsel acted unreasonably in failing to present this evidence and that Wharton was prejudiced as a result.

21. At the same time it filed its brief, the DAO filed a letter with the Court's Clerk reiterating its position in this case. "Please be advised that, in the Brief for Appellees filed today in the above captioned matter, the Commonwealth agrees with Appellant that he is entitled to habeas corpus relief."

22. The brief for OAG as *amicus curiae* is currently due on March 8, 2023.

23. Given the unique circumstances in this case, the OAG as *amicus curiae* is responding not just to one party but two, who together had up to 26,000 words (plus a subsequent reply brief for Wharton), to make their arguments.

24. Rule 29(a)(5) of the Federal Rules of Appellate Procedure, governing the length of the "Brief of an Amicus Curiae," provides that "[e]xcept by the court's permission, an amicus brief may be no more than one-half the maximum length authorized by these rules for a party's principal brief." Fed.R.A.P. 29(a)(5).

25. Rule 32(a)(7)(A) of the Federal Rules of Appellate Procedure, governing briefs filed by the parties, provides that "[a] principal brief may not exceed 30 pages, or a reply brief 15 pages, unless it complies with Rule 32(a)(7)(B)." Rule 32(a)(7)(B)(i) provides that "[a] principal brief is acceptable if it" "contains no more than 13,000 words." Fed.R.A.P. 32(a)(7)(A),(B)(i).

26. Technically, Rule 29 would have the OAG's amicus brief not exceed 6,500 words in length (one-half the maximum length authorized by the appellate rules).

27. However, this word length will make it extremely difficult for the OAG, effectively the appellees in the case, to sufficiently reply to all of the arguments made in the parties' principal briefs, consisting of a total of 20,070 words.

28. Accordingly, the OAG respectfully requests that it be permitted to exceed the length limitation prescribed by Rule 29 and file an amicus brief not to exceed 13,000 words.

29. This extended word length would also greatly assist the Court in reviewing these issues that arose out of extensive and highly unusual capital litigation in the District Court.

WHEREFORE, the Pennsylvania Office of Attorney General respectfully requests that this Honorable Court enter an Order granting it permission to extend the length of its amicus brief to 13,000 words.

Respectfully submitted,

MICHELLE HENRY
Acting Attorney General

MICHELE K. WALSH
Executive Deputy Attorney General
Director, Criminal Law Division

By: */s/ James P. Barker*
James P. Barker
Chief Deputy Attorney General
Office of Attorney General
Criminal Law Division
Legal Services Section
16th Floor—Strawberry Square
Harrisburg, PA 17120
(717) 787-6348
jbarker@attorneygeneral.gov

*/s/ Cari Mahler*
Cari Mahler
Senior Deputy Attorney General
Office of Attorney General
Criminal Law Division
Appeals Section
1000 Madison Avenue, Suite 310
Norristown, PA 19403
(610) 631-6552
cmahler@attorneygeneral.gov

Date:  February 9, 2023

# **CERTIFICATE OF SERVICE**

We hereby certify that, on the below date, we caused the foregoing petition by the Office of Attorney General to be served on the following persons via ECF or by first class mail:

<u>Electronically Via ECF</u>
Stuart Lev, Esquire
Elizabeth McHugh, Esquire
Federal Community Defender Office
Capital Habeas Corpus Unit
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(Counsel for Appellant Wharton)

Nancy Winkelman, Esquire
Paul M. George, Esquire
District Attorney's Office
3 South Penn Square
Philadelphia, PA 19107
(Counsel for DAO)

By: */s/ James P. Barker*            */s/ Cari Mahler*
James P. Barker                       Cari Mahler
Chief Deputy Attorney General         Senior Deputy Attorney General
Office of Attorney General            Office of Attorney General
Criminal Law Division                 Criminal Law Division
Legal Services Section                Appeals Section
16th Floor—Strawberry Square          1000 Madison Avenue, Suite 310
Harrisburg, PA 17120                  Norristown, PA 19403
(717) 787-6348                        (610) 631-6552
jbarker@attorneygeneral.gov           cmahler@attorneygeneral.gov

Date: February 9, 2023