# IN THE UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

No. 22-2839

ROBERT WHARTON

v.

SUPERINTENDENT GRATERFORD SCI, et al.

Appeal Of the Philadelphia District Attorney's Office,
Nancy Winkelman, And Paul George

Appeal from Rule 11 Sanctions Order of The Honorable Mitchell S. Goldberg, United States District Court, Eastern District of Pennsylvania, Entered on September 12, 2022, in Civil Action No. 2:01-cv-06049

## BRIEF OF *AMICUS CURIAE*,
## THE PENNSYLVANIA OFFICE OF ATTORNEY GENERAL,
## IN SUPPORT OF COURT-APPOINTED COUNSEL

　　　　　　　　　　　　　　　　MICHELLE A. HENRY
　　　　　　　　　　　　　　　　Attorney General
　　　　　　　　　　　　　　　　MICHELE K. WALSH
　　　　　　　　　　　　　　　　Executive Deputy Attorney General
　　　　　　　　　　　　　　　　RONALD EISENBERG
　　　　　　　　　　　　　　　　Chief Deputy Attorney General
　　　　　　　　　　　　　　　　HUGH BURNS
　　　　　　　　　　　　　　　　Assistant Chief Deputy Attorney General
　　　　　　　　　　　　　　　　CARI L. MAHLER
　　　　　　　　　　　　　　　　Senior Deputy Attorney General
　　　　　　　　　　　　　　　　Appeals Section

Criminal Law Division
1000 Madison Avenue, Suite 310
Norristown, PA 19403
(610) 631-6552
cmahler@attorneygeneral.gov

## **TABLE OF CONTENTS**

                                                                                                            **Page**

TABLE OF CITATIONS ................................................................................... ii

STATEMENT OF INTEREST ............................................................................1

ARGUMENT ........................................................................................................2

    A prosecutor's duty of candor – to the court, to the victim, and to the public – applies whether he is conceding relief or opposing relief ..............................2

CONCLUSION .....................................................................................................6

CERTIFICATIONS OF COMPLIANCE .............................................................7

CERTIFICATE OF SERVICE .............................................................................8

ii

# TABLE OF CITATIONS

**Page(s)**

**Cases**

*Commonwealth v. Brown*,
    196 A.3d 130 (Pa. 2018). ...............................................................................4

**Statutes**

71 P.S. § 732-206..........................................................................................1

## **STATEMENT OF INTEREST**

The Attorney General of Pennsylvania is the chief law enforcement officer for the Commonwealth. *See* 71 P.S. § 732-206. The Office of Attorney General employs hundreds of lawyers across the Commonwealth. Its Criminal Division investigates and prosecutes public corruption, organized crime, gun violence, drug trafficking and human trafficking, and other matters; in addition, the Office acts in place of county prosecutors in cases for which those officials lack resources or would have a conflict of interest.

In light of this statutory role, the court below asked the Office to participate in the underlying habeas litigation from which this appeal arises, after the habeas respondent declined to present information necessary for the court's resolution of the legal questions before it. The Office has also participated in the habeas petitioner's appeal, which is separately pending before this Court.

In this proceeding appellants' *amici* argue that the order under review creates a chilling effect and "hinders the interests of justice" by impairing "the ability of prosecutors to concede" claims of error. Brief at 11, 14. The Office of Attorney General wishes to address this Court on that narrow issue: that there is no chilling effect. Prosecutors remain free to concede, indeed are obliged to concede, where the facts and law so require *and they have been properly presented to the court*. The duty of candor does not hinder the interests of justice; it advances them.

# ARGUMENT

### A prosecutor's duty of candor – to the court, to the victim, and to the public – applies whether he is conceding relief or opposing relief.

Appellants' *amici curiae* assert that the order below must be reversed lest it "chill" prosecutors from performing the "unpopular work" of overturning prior convictions they see as unjust. Brief at 3. A penalty for false representations, even the very nominal sanctions imposed here, "would send an ominous signal to prosecutors to think twice about … making concessions of legal issues." If district attorneys were "discouraged" from exercising their "professional judgment," they "could decide to leave in place questionable or downright defective convictions." Brief at 15.

The import of this argument is apparent: that prosecutors are entitled to ethical "wiggle room," as long as they are seeking to reverse a criminal judgment.

The legal system does not work that way, however. Prosecutors must of course be prepared to acknowledge error. But they must do so in accordance with the standards of the profession, just as they must follow those standards when opposing a claim of error. The duty of candor does not vary inversely with the perceived nobility of the desired result.

First, a correction. This appeal is not about the exercise of "professional judgment." It is about representations of fact. This Court remanded the case for an

evidentiary hearing to explore "anti-mitigation" evidence that was not yet of record. The district judge made clear that he needed to hear any such evidence. Appellants led him to believe they had checked and there was none, and they were therefore conceding relief, in accordance with the wishes of the victims' family.

Appellants have since claimed at various times that they didn't know about Wharton's egregious escape efforts, that they did know but the information was irrelevant, and that in any case they never explicitly represented that there was no anti-mitigation evidence. The court-appointed *amicus* responds that appellants knew what the judge was asking for, they knew they hadn't bothered to look for it, and yet they repeatedly told him they had done a thorough review of the facts. Similarly, appellants argue that they never really said the family was on board, and anyway the family's views were irrelevant. The court-appointed *amicus* responds that appellants knew what they were implying about the family, or they wouldn't have bothered to mention it to the judge.

This brief's purpose is not to resolve those disputes. The point here is that the statements in question were statements of fact, not exercises of "professional judgment." Appellants could have been candid with the judge, rather than misleading him, and still taken the position that, in their professional judgment, relief should be granted. It would have been harder to prevail that way. But that is the price ethical advocates pay for an honest system of justice.

3

That price, the duty of candor, is not discounted simply because a prosecutor wishes to reverse rather than preserve a conviction. As the Pennsylvania Supreme Court has previously advised appellants, once a jury reaches its decision to enter a verdict, the district attorney loses any "prosecutorial discretion" to alter the judgment. *Commonwealth v. Brown*, 196 A.3d 130, 149 (Pa. 2018). Nor can the court do so, except upon a finding of legal error. *Id.* at 144. In performing that task the court must depend on the parties, in particular the prosecution, to supply it with accurate information, whichever way the information cuts.

Not just courts, but crime victims are entitled to expect candor when cases are conceded. No victim of crime, no matter how heinous, has a legitimate interest in preserving an invalid conviction. But victims and their families surely deserve to know whether and why a district attorney is joining with the defense to advocate for reversal of a long-final sentence.

So does the public at large. Unlike civil cases, a criminal judgment is in no sense the property of the parties. The justice system serves the public, and it is the public that must pay, sometimes quite literally, when convictions are overturned. A district attorney's judgment to concede or contest relief – whether that judgment is professional, philosophical, or political – should therefore be amenable to public scrutiny. Prosecutors are but temporary stewards of the public trust. During their tenure in office they have the discretion and the obligation to concede a claim when

warranted under the law. But there is no "concession exception" to a prosecutor's heightened duty of candor to the court.

## **CONCLUSION**

The Court should decline the suggestion of appellants' *amici* that the order below be reversed due to its alleged "chilling effect" on concessions.

                                                          Respectfully submitted,

                                                          MICHELLE A. HENRY
                                                          Attorney General
                                                          Commonwealth of Pennsylvania

By: *Cari Mahler*
                                                          Cari L. Mahler
                                                          Senior Deputy Attorney General
                                                          Criminal Law Division
                                                          Appeals Section

Date:  August 21, 2023

**CERTIFICATIONS OF COMPLIANCE**

Pursuant to Rule 29(a)(4)(G) and Rule 32(g)(1) of the Federal Rules of Appellate Procedure, the undersigned hereby certifies that this amicus brief contains 1002 words.

I further certify that I am a member of the bar of the United States Court of Appeals for the Third Circuit; that the text of the electronic brief is identical to the text in the paper copies; that McAfee VirusScan Enterprise version 8.8.0.16 has been run on this file and no virus was detected; and that this brief complies with the typeface requirements and type-style requirements of the Federal Rules of Appellate Procedure in that this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in fourteen-point Times New Roman font.

By: *Cari Mahler*
Cari L. Mahler
Senior Deputy Attorney General

Date:  August 21, 2023

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date I served a copy of the foregoing on the following persons in the manner indicated below:

BY ELECTRONIC SERVICE THROUGH ECF

Roman Martinez
Gregory B. in den Berken
Christina R. Gay
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington, DC 20004-1304
(Court-Appointed *Amicus Curiae*)

David Rudovsky
718 Arch Street
Suite 501 South
Philadelphia, PA 19106

John S. Summers
Matthew A. Hamermesh
Andrew M. Erdlen
One Logan Square, 27th Floor
Philadelphia, PA 19103

(Attorneys for Appellants)

_____
Cari L. Mahler
Senior Deputy Attorney General

Date:  August 21, 2023